Turley, J.
delivered the opinion of the court.
Samuel Todd made and published his last will, in which is the following residuary devise. “All the rest of my estate real and personal, to be equally divided between my grand *152 children.” The complainant is one of his grand children, who was not born at the time of the testator’s death, but was in ventre sa mere, and the question is, whether under these circumstances, he is entitled to his equal portion of the bequest of his grandfather?
Whatever may have been the earlier decisions on this point, it would seem that there is not at present any doubt that the complainant is entitled to the relief sought. In the case of Trower vs. Butts, reported in Simon & Stewart, 181, and in 1 Cond. Eng. Ch. Rep. 90, the vice-chancellor in commenting on this subject observes — “It is now fully settled that a child in ventre sa mere is within the intention of a gift to children living at the death of a testator; not because such child can strictly be considered as answering the description of a child living, but because the potential existence of such a child places it plainly within the reason and motives of the gift.”
It is said in note 2, to Heath vs. Heath, 2 Atkyns, 121, 122, “that the general rule in cases of ibis nature seems to be, that when the devise or gift to the children is general and not limited to a particular period, then it is confined to the death of the testator; and that under a devise to children living at the testator’s death, a child in ventre sa mere shall take;” and the editor cites Pr. Ch. 470; 2 Ves. 83; Ambler, 348; 1 Bro. Ch. Rep. 532; 2 Bro. Ch. Rep. 352; Pr. Cha. 50; 1 P. W, 345; 1 Ves. 85; 2 Bro. Ch. Rep. 320.
In the case of Swift vs. The Executors of Swift, 5 Ser. & Rawle, 38, the supreme court of Pennsylvania have determined, “that a posthumous grandchild, in ventre sa mere, at the time of making the will and death of the testator, is entitled to a grandchild’s share, under a devise and bequest to the testator’s grand children, the children of his deceased son Edward, of all the residue and remainder of bis estate, both real and personal;” and this is, as Judge Duncan in that case says, “according to the dictates of common sense “and humanity;” for a child “m ventre sa mere, for all purposes for his benefit, is considered as absolutely born; he takes by descent, and by distribution, is entitled to the benefit of a *153 charge for securing portions for children, may be an executor, may have a guardian assigned, in executory devises is a life in being, and may be vouched in a common recovery.” The authority and reasoning of the cases referred to are satisfactory to this court.
The judgment of the court below will therefore be reversed and a decree rendered for the complainant in conformity with the prayer of his bill.